IN THE UNITED STATES DISTRICT COURT
FOR THE WESTREN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV493-GCM

| | | |
|---|---|---|
| MARGARET A. EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| AMERICAN RED CROSS, DELORES | ) | |
| SMALLS and DIANNA D. TRIPLETT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court upon the Defendants' Motion to Dismiss Plaintiff's Amended Complaint. The *pro se* Plaintiff has filed a response in opposition and Defendants have filed a Reply.

Plaintiff's original Complaint consisted of an incomplete *pro se* complaint form provided by the Court and numerous pages of attachments relating to her claim for unemployment benefits, an OSHA complaint she filed, and prior charges of discrimination she filed with the Equal Employment Opportunity Commission (the "EEOC"). Plaintiff attempts to assert claims under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000 *et seq.*, ("Title VII") for race and religion discrimination and for retaliation in response to prior charges of discrimination that she filed with the EEOC. Plaintiff filed her Amended Complaint on October 3, 2012, which purports to incorporate all of her original Complaint.

Plaintiff was employed by the Defendant American Red Cross as a phlebotomist from August 25, 2005 through her termination on April 12, 2012. On March 26, 2012, Plaintiff filed an EEOC charge alleging retaliation and claiming that she has been treated differently by her employer for filing an earlier charge of race discrimination in November of 2009. She alleges

1

specifically that the Red Cross impeded her "access to attend therapy sessions" by assigning her to work at another Red Cross location on certain days. Her therapy sessions were appointments with a "licensed massage therapist."

In April 2012, Plaintiff filed civil complaints for No-Contact Orders for Stalking or Nonconsensual Sexual Conduct against her co-workers in Mecklenburg County District Court because, according to Plaintiff, "[her] co-workers damaged items and products in [her] work area." [Doc. 1-1 at 3; Doc. 1-2 at 2–4; *see also* Doc. 12 ¶ 18.] Thereafter, the Red Cross placed Plaintiff on leave with pay pending the resolution of her no-contact order applications. [Doc. 1-1 at 3; Doc. 12 ¶ 19.] During Plaintiff's leave, the Red Cross discovered evidence that Plaintiff had violated company policy by "making threats of workplace violence" against her co-workers. [Doc. 1-1 at 3; Doc. 12 ¶ 20.] Accordingly, the Red Cross terminated Plaintiff's employment on April 19, 2012. [*Id.*] The state court summarily dismissed each of Plaintiff's civil complaints against her co-workers. [Doc. 12 ¶ 18.]

Following her termination, Plaintiff filed another charge of discrimination with the EEOC on April 23, 2012 (the "April 2012 Charge"). [Doc. 1-1 at 3; Doc. 12 ¶ 23.] In the April 2012 Charge, Plaintiff asserted that she believed that she had been placed on leave and terminated because she had filed prior charges of discrimination. [Doc. 1-1 at 3.] In her Amended Complaint, Plaintiff specifically alleges that the Red Cross terminated her employment because she had filed the November 2009 Charge: "[Plaintiff] was in fact discharged as retaliation for Plaintiff filing the original EEOC complaint." [Doc. 12 ¶ 21.] Plaintiff's Amended Complaint vaguely identifies other allegedly retaliatory conduct, such as "various harassments and arbitrary confrontations [*Id.* ¶ 17]. She believes that this treatment is connected to the November 2009 employment actions," [*Id.* ¶ 14] "harassment and reprisals" [*Id.* ¶¶ 15, 18] and

threats and confrontations [*Id.* ¶ 17]. She believes that this treatment is connected to the November 2009 Charge [Doc. 12 ¶¶ 14, 21] and her correspondence with Red Cross management in March 2012 about "procedural and safety issues" in her workplace. [*Id.* ¶¶ 16, 17.]

Defendants have moved to dismiss Plaintiffs' Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). Although courts generally hold a *pro se* complaint to a less stringent standard, "a *pro se* plaintiff must still allege facts that state a cause of action to survive a motion to dismiss." *White v. Bailey*, No. 1:00CV01017, 2001 WL 293665, *2 (M.D.N.C. Feb. 13, 2001). When considering a motion to dismiss pursuant to Rule 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). However, the court need not accept legal conclusions drawn from the facts, unwarranted inferences, unreasonable conclusions, or arguments. *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Ms. Triplett was Plaintiff's supervisor, and Ms. Smalls was the Human Resources Manager during Plaintiff's employment with the Red Cross. It is well-established law in the Fourth Circuit "that supervisors are not liable in their individual capacities for Title VII violations." *Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 181(4th Cir. 1998). Here, because Plaintiff has not and cannot allege that either Ms. Smalls or Ms. Triplett was her employer during her tenure at the Red Cross, her claims against Ms. Smalls and Ms. Triplett must be dismissed with prejudice.

In her March 2012 Charge and her April 2012 Charge, Plaintiff identified only one basis of discrimination in each: "Retaliation." [Doc. 1-1 at 3, 4.] In both Charges, Plaintiff explicitly and exclusively alleged that the Red Cross had taken certain actions against her in retaliation for her prior

charges of discrimination. [*Id.*] In neither charge did Plaintiff allege that any other form of discrimination had occurred or was occurring. [*Id.*] "Before a plaintiff has standing to file suit under Title VII, he must exhaust his administrative remedies by filing a charge with the EEOC." *Bryant v. Bell Atl. Md., Inc.*, 288 F.3d 124, 132 (4th Cir. 2002). A plaintiff may only advance such claims that are "reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation." *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247–48 (4th Cir. 2000). Plaintiff has sought to assert claims of discrimination that were not identified in either the March 2012 Charge or the April 2012 Charge. And, because Plaintiff's sole claim in those charges was for retaliation, Fourth Circuit law establishes that an administrative investigation of claims for race or religion discrimination could not have reasonably been expected to occur. Plaintiff's claims for discrimination are limited to the only ground identified in both her March 2012 Charge and her April 2012 Charge: retaliation. Even if Plaintiff had exhausted her administrative remedies, nothing in or attached to the Complaint makes any reference to race or religious discrimination other than the boxes checked in Plaintiff's original form complaint. There are no facts in the Complaint stating claims for discrimination based on race or religion. Accordingly, her claims for race and religion discrimination are hereby dismissed.

The Court now turns to the only potentially actionable claim Plaintiff could have, that of retaliation. Plaintiff's Amended Complaint specifically alleges that the Red Cross decided to terminate Plaintiff's employment in April 2012 because of her November 2009 Charge. [Doc. 12 ¶ 21.] The Amended Complaint alleges no other facts showing any causal connection between the November 2009 Charge and Plaintiff's termination nearly two and a half years later. "A lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two." *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir.

4

1998) (holding that a time period of three years between the protected activity and adverse employment action negated any inference of causation). In *Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998), for example, the Fourth Circuit held that the passage of thirteen months between the plaintiff's initial charge of discrimination and his termination was "too long to establish causation absent other evidence of retaliation." The Fourth Circuit has recently affirmed that a retaliation claim should be dismissed at the pleadings stage if the allegations show a substantial length of time between the protected activity and adverse employment action. *See Hart v. Hanover County Sch. Bd.,* No. 11-1619, 2012 WL 4842041 (4th Cir. Oct. 12, 2012) (affirming dismissal of complaint and citing cases where periods of thirteen and twenty months negated an inference of causation). In this case, the greater than two-year gap between the protected activity and allegedly retaliatory conduct is greater than that in *Causey* and comparable to that in *Dowe*. The Amended Complaint does not allege any other facts that provide any inference of causation between Plaintiff's EEOC charge and her termination nearly two and a half years later. That length of time, in combination with the absence of any other facts bearing on causation, makes the retaliation claim in the Amended Complaint facially deficient. Because Plaintiff's Amended Complaint lacks facts showing any causal connection between Plaintiff's protected activity and her termination, her claim for retaliation based on her termination must be dismissed.

In addition, Plaintiff's allegations do not identify any adverse action other than her termination. In her Amended Complaint, Plaintiff complains of various and vague "harassments and reprisals" by the Red Cross. She believes many of them were in reaction "to an email/letter Plaintiff forwarded to various [Red Cross] Supervisory personnel outlining procedural and safety issues" in the workplace. [Doc. 12 ¶ 16.] To the extent that the treatment about which Plaintiff protests was caused by her complaints about workplace procedure and safety, they do not

constitute protected activity under Title VII because they do not relate to unlawful discrimination. Even if the conduct related to her November 2009 EEOC Charge, none of it is adverse action under Title VII. To demonstrate an adverse action under Title VII's retaliation provisions, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks omitted). "An employee's decision to report discriminatory behavior cannot immunize that employee from those petty slights or minor annoyances that often take place at work and that all employees experience." *Id.*

To the extent that Plaintiff has attempted to base her retaliation claim on conduct other than her termination, that conduct does not qualify as an "adverse action." Plaintiff's vague allegations that she was "treated differently" or "harassed," do not identify any adverse action under Title VII, and at most identify "petty slights or minor annoyances" for which Title VII provides no relief. Even if "harassment" could rise to the level of retaliatory conduct, Plaintiff's Amended Complaint provides no facts to support these conclusory statements. Plaintiff's Amended Complaint makes only passing reference to the allegations in her March 2012 Charge. [Doc. 12 ¶ 27.] Assuming her Amended Complaint could be construed to incorporate that charge, it too identifies no adverse action. The only detriment Plaintiff alleges from her alleged periodic assignment to work at a different Red Cross location—which she does not allege were outside the scope of her normal job duties—was her inability to attend "therapy" sessions. Plaintiff does not allege, however, that she had any right to work near her massage therapist. To the extent that the Red Cross ever extended Plaintiff such a gratuitous benefit,

which it denies, the withdrawal of that benefit does not constitute retaliation. *See A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 350 (4th Cir. 2011) *cert. denied*, 132 S. Ct. 1960 (2012) ("And retracting a gratuitous promise does not amount to a discriminatory act or an adverse action."). Moreover, Title VII's anti-retaliation provisions do not impose on the Red Cross an obligation to provide Plaintiff assistance in obtaining benefits outside the scope of her employment. *See Pueschel v. Peters*, 340 F. Appx. 858, 861 (4th Cir. 2009) (holding that an employer's refusal to assist the plaintiff incompiling information for her worker's compensation application was not an adverse action because the plaintiff had no entitlement to such assistance). Accordingly, even if Defendant's occasional assignment of Plaintiff to work at different facilities diminished her ability to attend her massage appointments, it was not an adverse action under Title VII.

For the foregoing reasons, each of Plaintiff's claims fail as a matter of law. Accordingly, this action should be dismissed in its entirety with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Signed: December 27, 2012

Graham C. Mullen
United States District Judge